# United States Court of Appeals
## For the First Circuit

No. 20-2031

UNITED STATES OF AMERICA,

Appellee,

v.

ARTHUR MILES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Kayatta, Selya, and Barron,
Circuit Judges.

Heather Clark and Clark Law Office on brief for appellant.
Donald E. Clark, Acting United States Attorney, and Benjamin
M. Block, Assistant United States Attorney, on brief for appellee.

November 17, 2021

**SELYA, Circuit Judge.** This is an appeal from the denial of a motion to suppress evidence recovered during a traffic stop. Defendant-appellant Arthur Miles argues that the stop flouted the Fourth Amendment because the officer's stated reason for making the stop was pretextual and his real reason was based on nothing more than a hunch. The appellant's argument runs headlong into Supreme Court precedent holding that the Fourth Amendment calculus depends on objective reasonableness, not subjective intent. See Whren v. United States, 517 U.S. 806, 812-13 (1996). Accordingly, we affirm the district court's denial of the appellant's motion to suppress.

We rehearse the relevant facts, drawing heavily on the district court's supportable findings following the suppression hearing. See United States v. Simpkins, 978 F.3d 1, 4 (1st Cir. 2020). We supplement those facts, as necessary, with uncontested facts extracted from the record.

On December 12, 2017, a Maine state trooper, Thomas Pappas, was patrolling the Maine Turnpike. See United States v. Miles, No. 18-00144, 2019 WL 3220574, at *1 (D. Me. July 17, 2019). At around 10:30 pm, Trooper Pappas saw a car driven by the appellant traveling approximately thirty miles per hour in the southbound right-hand lane. See id. The car moved into the left lane and — with Trooper Pappas trailing — proceeded in that lane for approximately two miles without passing any other vehicles.

See id. Trooper Pappas ran the license plate and learned that the car was registered to a woman named Wilkerson at a street address in Dorchester, Massachusetts. See id. The combination of that name and street rang a bell: as Trooper Pappas later testified, he recalled participating — a few years earlier — in a drug arrest of a man named Wilkerson on that particular street.

While Trooper Pappas was following him, the appellant passed a road sign reading "Keep Right Except to Pass." See id. Even though he did not pass any other vehicles, he nonetheless continued driving in the left-hand lane. See id. Trooper Pappas then signaled the appellant to pull over to the side of the road. See id. The trooper stated in a post-incident report that he stopped the appellant for operating in the left lane without passing. At the hearing on the motion to suppress, he added that he had planned to make the stop even before he saw the highway sign.

When Trooper Pappas approached the stopped car, he smelled marijuana and observed a bottle of champagne on the back seat. See id. Upon requesting the appellant's license, Trooper Pappas learned that it was suspended. See id. Following further questioning, Trooper Pappas also learned that the appellant was in contravention of probation conditions in Massachusetts and was on bail in Maine. See id. at *1-2. Based on the appellant's bail conditions and the totality of the circumstances surrounding the

- 3 -

stop, Trooper Pappas handcuffed him and searched the car. See id. at *2. The search revealed the presence of contraband. See id.

The appellant's statements, together with physical evidence recovered by Trooper Pappas, led to federal charges — an indictment for possession of a controlled substance with the intent to distribute. See 21 U.S.C. § 841(a)(1). The appellant maintained his innocence and, in due course, moved to suppress both the statements that he had made at the scene and the physical evidence obtained during the traffic stop. See Miles, 2019 WL 3220574, at *3. He argued (as relevant here) that the stop was "improper" because it was not based upon reasonable suspicion of a crime or traffic infraction.[1] The district court found the stop objectively reasonable and denied the appellant's suppression motion. See id. at *3-4.

The appellant subsequently entered a conditional guilty plea, see Fed. R. Crim. P. 11(a)(2); see also United States v. Adams, 971 F.3d 22, 30 (1st Cir. 2020), reserving the right to appeal the district court's denial of his motion to suppress. The district court sentenced him to serve a thirty-five-month term of immurement. This timely appeal followed.

---

[1] In the court below, the appellant also objected that his statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 444-45 (1966), and that the car he was driving was subjected to an unreasonable search. The district court overruled these objections, see Miles, 2019 WL 3220574, at *3-4, and the appellant does not renew them on appeal.

In this venue, the appellant advances only a single assignment of error. He argues that the district court erred in concluding that the trooper had reasonable suspicion to stop his car. We therefore train the lens of our inquiry on the stop itself and do not discuss the interactions that followed.

In reviewing a district court's decision on a motion to suppress, we scrutinize findings of fact for clear error and conclusions of law de novo. See Simpkins, 978 F.3d at 6. "Absent an error of law, we will uphold a refusal to suppress evidence as long as the refusal is supported by some reasonable view of the record." United States v. Lee, 317 F.3d 26, 29-30 (1st Cir. 2003); see United States v. Arthur, 764 F.3d 92, 96 (1st Cir. 2021).

Here, however, the government submits that the appellant has forfeited any entitlement to the traditional standard of review. In its estimation, appellate review should be limited to review for plain error because the argument that the appellant makes on appeal was not made in the court below. See United States v. Rivera-Morales, 961 F.3d 1, 12 (1st Cir. 2020) (holding that forfeited claims are reviewed only for plain error). We need not resolve this contretemps because even if we assume, favorably to the appellant, that the traditional standard of review applies, his argument nonetheless fails.

It is common ground that the Fourth Amendment's protection against unreasonable searches and seizures extends to

traffic stops.  See Heien v. North Carolina, 574 U.S. 54, 60 (2014); United States v. Chhien, 266 F.3d 1, 5 (1st Cir. 2001). Such a stop requires, at a bare minimum, "'reasonable suspicion' — that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law." Heien, 574 U.S. at 60 (quoting Navarette v. California, 572 U.S. 393, 396 (2014)).  The existence vel non of reasonable suspicion "must be determined case by case." Chhien, 266 F.3d at 6.  Such an inquiry "entails broad-based consideration of all the attendant circumstances."  Id.

Before us, the appellant eschews any challenge to the district court's conclusion that the traffic stop was justified under the Fourth Amendment by the appellant's disregard of the "Keep Right Except to Pass" rule.[2]  See United States v. Rivera, 988 F.3d 579, 582 (1st Cir. 2021) (holding that left-lane violation supported reasonable suspicion to initiate traffic stop). Instead, he contends that the trooper's real motivation for

---

[2] In the district court, the appellant disputed the efficacy of the signage that advised motorists to "Keep Right Except to Pass."  The district court expressed skepticism about the appellant's position, noting that Maine law requires drivers to "obey a traffic-control device" — a category that includes road signs.  Miles, 2019 WL 3220574, at *3 n.3 (quoting Me. Rev. Stat. Ann. tit. 29-A, §§ 2057, 101(84)).  To cinch the matter, the court held that the trooper's stated belief that the appellant was required to obey the sign was objectively reasonable, even if mistaken, and that the Fourth Amendment tolerates a "reasonable mistake of law." Heien, 574 U.S. at 61.

initiating the traffic stop was a "mere hunch" arising from the trooper's knowledge that an individual having the same last name as the registered owner of the car had previously been arrested for drug activity on the very street where the registered owner lived. In support, the appellant relies on elements of the trooper's testimony, such as his affirmation that he "intend[ed] to stop [the appellant] even though [the appellant] hadn't reached" the sign that instructed drivers to "Keep Right Except to Pass." To like effect, the appellant cites the trooper's testimony that even if the appellant "had pulled back over into the right lane," he (the trooper) would have stopped the car for "[t]he same thing."

This contention is untenable. Courts have long "foreclose[d] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." Whren, 517 U.S. at 813; see, e.g., United States v. Gates, 709 F.3d 58, 63 (1st Cir. 2013) (applying Whren); cf. United States v. Ruidíaz, 529 F.3d 25, 29 (1st Cir. 2008) (noting that, in context of brief investigatory stops, reasonableness "must be judged according to objective criteria; it is not dependent on an individual officer's subjective motives").

Whren illustrates the point. There, officers asserted that they pulled over a motor vehicle for suspected traffic violations before observing drugs in the vehicle and arresting its occupants. See Whren, 517 U.S. at 808-09. The defendants moved

to suppress the evidence seized, challenging the legality of the stop. See id. at 809. They argued that the purported justification for the stop — traffic violations — "was pretextual." Id. The Supreme Court rejected the defendants' argument, holding that the officers' "[s]ubjective intentions play no role in ordinary . . . Fourth Amendment analysis." Id. at 813.

Whren remains good law, and the Court more recently has reaffirmed that the appropriate test is "objective." Heien, 574 U.S. at 60 (quoting Navarette, 572 U.S. at 396). As long as a traffic stop is warranted by objectively reasonable facts, a claim that the officer making the stop was acting in accordance with some hidden agenda will not ground a successful Fourth Amendment challenge.

Applying an objective standard, the result that we must reach is plain. As in Whren, the appellant was stopped for a suspected traffic violation — a violation borne out by objective facts. He nonetheless invites us to suppress evidence due to the allegedly pretextual nature of the stop. Whren and its progeny require us to decline the invitation: under Whren, an officer's subjective motivations for making a traffic stop are ordinarily beside the point when conducting a Fourth Amendment analysis. See Whren, 517 U.S. at 813. So it is here.

We need go no further. Objectively viewed, Trooper Pappas had a reasonable basis to believe that the appellant had

committed a traffic infraction and, thus, to perform a traffic stop. Under Whren and its progeny, no more was exigible. The district court, therefore, did not err in denying the appellant's motion to suppress.

**Affirmed**.